Joint Filing:

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

KEKER & VAN NEST LLP
Attorneys for Defendant
ARNOLD A. MCCLELLAN

CLARENCE DYER & COHEN LLP
Attorneys for Defendant
ANNABEL MCCLELLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 10-cv-05412 WHA |
| Plaintiff, | |
| v. | |
| ARNOLD A. MCCLELLAN and ANNABEL MCCLELLAN | JOINT INITIAL CASE MANAGEMENT STATEMENT |
| Defendants. | |

Pursuant to Civil Local Rules ("Civ. L.R.") 16-9 and 16-10, and pursuant to the Court's Standing Order, the parties submit the following Joint Case Management Statement. Each party certifies that its lead trial counsel met and conferred for the preparation of this Statement as required by Civ. L.R. 16-3.

**1.    JURISDICTION AND SERVICE**

This an enforcement action brought by Plaintiff Securities and Exchange Commission (the "Commission") alleging an insider trading scheme in violation of the federal securities laws. The Complaint alleges violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)(5)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

The Commission contends that the Court has jurisdiction over this action pursuant to Sections 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa]. Defendants Arnold

and Annabel McClellan each reserve the right to contest jurisdiction. To the extent that this Court has jurisdiction over this action, venue is not disputed.

Arnold and Annabel McClellan each waived service of the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. The waivers of service have been filed with the Court.

## 2. FACTS

<u>The Commission's statement of facts</u>:

The Commission filed its Complaint on November 30, 2010, alleging that the defendants engaged in an insider trading scheme in which Arnold McClellan, a partner at Deloitte Tax LLP, and his wife, Annabel McClellan, repeatedly provided material non-public information about upcoming mergers to members of Ms. McClellan's family in London, England. According to the Complaint, on at least seven occasions from 2006 to 2008, Mr. McClellan disclosed confidential information about acquisitions to Ms. McClellan, who then passed the information to her sister and brother-in-law, Miranda and James Sanders. Mr. Sanders, an owner of a London-based trading firm, used this inside information to purchase derivative financial instruments that permitted him to profit from the information he and Ms. Sanders received from Arnold and Annabel McClellan. The Commission alleges that the McClellans knew that the nonpublic information they disclosed to the Sanderses violated Mr. McClellan's duty to keep the information confidential.

The Complaint alleges that, after receiving the tips, Mr. Sanders took financial positions in American companies that were targets of acquisitions by Mr. McClellan's clients. Mr. Sanders consistently placed the trades shortly after Mr. McClellan learned of important events that made the deals seem more certain, and on several occasions liquidated his positions shortly after Mr. McClellan learned that the deals were uncertain. Mr. Sanders's trades were closely timed with telephone calls between Ms. McClellan and Ms. Sanders, and with in-person visits with the McClellans. At a conversion rate of two United States dollars to one British pound sterling, the Sanderses profited more than $3 million from trading in advance of Mr. McClellan's clients' deals.

The Commission alleges that Ms. McClellan violated Exchange Act Section 10(b) and Rule 10b-5 by using confidential information she obtained from her husband to tip the Sanderses, for a benefit, knowing that such information was confidential and obtained in breach of a duty of confidentiality. The Commission alleges that Mr. McClellan violated Section 10(b) by tipping Ms. McClellan, knowing that the information was communicated in breach of a duty of confidentiality.

Mr. McClellan's statement of facts:

Mr. McClellan denies the Commission's allegations, particularly with respect to Mr. McClellan's knowledge of or alleged involvement in an insider trading scheme, which are bereft of any factual basis. Mr. McClellan was neither involved in nor aware of any alleged disclosure of confidential information, or trading activities based upon the disclosure of such information.

In light of recent developments in the related criminal case, *U.S. v. Annabel McClellan*, 3:10-cr-00860-WHA pending before this Court, the Commission should dismiss its Complaint against Mr. McClellan. Over the course of three days, Annabel McClellan gave a proffer to the United States Attorney's Office (USAO), during which counsel for the Commission was present. Based upon this proffer, the facts underlying the Commission's case are now clear. Ms. McClellan overheard information concerning Mr. McClellan's work by eavesdropping on her husband. She also knew, by virtue of being Mr. McClellan's wife, his whereabouts and his involvement in mergers and acquisitions as a Deloitte partner. Ms. McClellan then passed information she learned on to her sister Miranda Sanders, and her brother-in-law James Sanders, who then traded based upon that information. Ms. McClellan confirmed that Mr. McClellan was neither involved in, nor aware of, these activities. Indeed, her proffer exonerated Mr. McClellan. The USAO accepted as truthful the proposition that Mr. McClellan was neither involved in or aware of Ms. McClellan's conduct, and in reliance thereon, entered into a plea agreement with Ms. McClellan pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). For the Commission to move forward with its case against Mr. McClellan in the face of the facts as we now know them—and which the USAO accepted as true—is improper.

<u>Ms. McClellan's statement of facts</u>:

Over the course of three days in March 2011, in the presence of two Assistant United States Attorneys, one FBI agent, three officers of the Securities & Exchange Commission, and two representatives of the Financial Services Authority of the United Kingdom, Ms. McClellan described how she gathered and provided confidential information to her sister, Miranda Sanders, and her brother-in-law James Sanders. As Ms. McClellan told the cadre of investigators assembled, she did so by eavesdropping on her husband's private business calls and by seeing papers in his home office. Ms. McClellan acted without her husband's knowledge or involvement, which she made clear during her proffer. Ms. McClellan addressed each and every question presented to her truthfully and completely. Over three days, members of the Commission staff had every opportunity to, and did, ask her any questions the Commission needed to address.

The USAO specifically credited Ms. McClellan's statements that she acted alone, without the knowledge of or involvement of her husband, Arnold McClellan. Based upon her proffer and the government's evaluation thereof, Ms. McClellan and the USAO entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). This agreement contemplates a conviction of one count of Obstruction in connection with false statements she previously made to the Commission staff. Ms. McClellan's guilty plea is pending this Court's imposition of sentence on September 20, 2011.

By Ms. McClellan's truthful, credible, and replete proffer—in which she incriminated and agreed to act as a prosecution witness against her own sister—Ms. McClellan fully accepted responsibility for her conduct. Just as she has taken steps to resolve the criminal matter, Ms. McClellan has no independent wish to unnecessarily litigate this matter brought by the Commission. As Ms. McClellan has stated on multiple occasions, supported by two offers of settlement, she desires to reach a sensible settlement with the Commission—one that is based upon a rational evaluation of her proffered testimony, and which acknowledges the truth of her husband's exoneration.

**3.    LEGAL ISSUES**

The Commission believes that the primary legal issues involve the standard for liability in cases brought under Section 10(b) involving insider trading allegations, and the standards governing the appropriate remedies.  The remedies and relief sought by the Commission are discussed further below in Section 11.

Mr. McClellan believes that the Commission's allegations raise the following issues: whether this Court can properly exercise jurisdiction over this action; whether Arnold McClellan breached any fiduciary duty owed to Deloitte; whether Arnold McClellan intended to receive or received any personal benefit from the alleged tips; whether Arnold McClellan acted with the requisite scienter and the appropriate standard under Section 10(b) in a case involving insider trading allegations; and whether the Commission is entitled to any relief.

Ms. McClellan believes that the Commission's allegations raise the following issues: whether this Court can properly exercise jurisdiction over this action; whether Annabel McClellan breached any fiduciary duty; whether Annabel McClellan actually received any proceeds from the alleged tips; and to what extent the Commission is entitled to relief.

**4.    MOTIONS**

The Commission does not anticipate any motions at this time, but contemplates filing a motion for summary adjudication addressing some or all of the legal and factual issues in this case.  The Commission plans to determine at a later stage of the litigation and discovery if such a motion is warranted and appropriate.

Mr. McClellan anticipates the filing of a motion to dismiss, and intends to file a motion for summary judgment at the appropriate time.  Mr. McClellan may also file discovery motions as necessary.

Ms. McClellan anticipates the filing of a motion to dismiss, of necessity, given the Commission's persistence in litigating against Mr. McClellan despite her proffered testimony and admissions.  She may also file discovery motions as necessary.

The discovery in this case will likely involve depositions of witnesses and requests for documents located in the United Kingdom.  Accordingly, the parties anticipate requesting letters rogatory from the Court in order to carry out compelled discovery in the U.K.

**5. AMENDMENT OF PLEADINGS**

No amendments are currently anticipated, and the parties do not anticipate joining any additional parties or adding additional claims.

**6. EVIDENCE PRESERVATION**

The parties hereby represent that they have taken reasonable steps to preserve all pertinent evidence in this case, including electronic data and materials.

**7. DISCLOSURES**

According the schedule as stipulated by the parties and ordered by the Court, the Rule 26 Initial Disclosures will be exchanged on April 14, 2011, the date of the filing of this Joint Statement.

**8. DISCOVERY**

<u>The Commission's proposed plan of discovery</u>:

In light of the scope of the alleged scheme, in time and number of transactions, and because the scheme crossed national boundaries, the Commission anticipates that the parties will require significant discovery. As noted above, the Commission anticipates that it would seek to take discovery in the United Kingdom, and will request that the Court issue letters rogatory to the appropriate courts in Britain requesting that witnesses provide sworn, compelled, depositions. Absent evidentiary stipulations among the parties, the Commission has identified as many as 30 witnesses in the U.K. whom the Commission might need to provide trial testimony by deposition during discovery. The Commission does not believe that it will require the same magnitude of discovery in the United States, although expert witnesses might be necessary to describe the nature of the trading in the U.K., the financial derivatives at issue, and the materiality of the information that the Commission alleges was passed to the British traders.

For these reasons, the Commission proposes that the Court permit the parties to take 45 depositions, more than permitted by Rule 30 of the Federal Rules of Civil Procedure. The Commission does not believe that more than 25 interrogatories are required, the limit imposed by Rule 33. The Commission requests that the Court require the parties to disclose their experts' written reports by December 16, 2011, farther in advance than the 90 days before the Commission's proposed trial date, as required by Rule 26. The Commission further requests that

the Court require the parties to disclose the written reports of any rebuttal expert witnesses no later than January 27, 2012.

The McClellans' proposed plan of discovery:

At this time, the McClellans do not anticipate requesting or requiring any limitations or modifications of the discovery rules. Mr. McClellan intends to pursue discovery methods available under the Federal Rules of Civil Procedure, including depositions, interrogatories, requests for admissions, requests for production, and third-party subpoenas. Ms. McClellan will also pursue such discovery methods to the extent necessary. The McClellans anticipate that they will seek to take discovery in the United Kingdom.

The McClellans oppose the Commission's request to enlarge the number of depositions permitted by Rule 30 of the Federal Rules of Civil Procedure, especially given that the request comes before the commencement of any discovery in this action. First, the scope of discovery is bound by the Commission's claims as detailed in its complaint and the McClellans' defenses. The Commission's complaint identifies, in addition to the McClellans, only two "other relevant persons," James and Miranda Sanders, and one other relevant "entity," Blue Index Limited, a London-based trading firm co-founded by James Sanders. Compl. ¶¶ 13, 14. As such, the complaint provides no basis for the Commission's claim that it requires some 30 depositions in the U.K. Second, the Commission's lengthy investigation prior to its filing of the complaint gave it ample opportunity to take sworn testimony relating to this action. Third, the McClellans are private citizens who are personally incurring the costs of litigating this action. The Commission's request for additional depositions in the U.K. would entail substantial costs and resources, placing an inordinate and unjustified burden on the McClellans. Should the Commission require any depositions beyond the ten it is permitted under Rule 30, the Court should require the Commission to seek leave at that time, as required by the Rule.

**9.     RELATED CASES**

On November 30, 2010, the United States Attorney's Office for the Northern District of California unsealed a one-count indictment charging Annabel McClellan with obstruction of justice. *See United States v. McClellan*, Case no. CR 10-0860 WHA (N.D. Cal. filed Nov. 24,

2010). On December 13, 2010, the Court found that the Commission's action and the criminal matter are related. On April 5, 2011, Annabel McClellan entered a plea of guilty to one count of obstruction pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which plea is not final until the Court imposes its sentencing decision. The Court scheduled a hearing to consider sentencing on September 20, 2011.

Following investigation by the United Kingdom's securities regulator, the Financial Services Authority, criminal charges of insider trading are currently pending in the British courts against James Sanders, Miranda Sanders, and three of Mr. Sanders's colleagues and friends, in a matter captioned *Regina v. Sanders, et al.* The indictment alleges 16 counts of insider dealing, in violation of Section 52 of the U.K. Criminal Justice Act of 1993. A "committal hearing," similar to a preliminary hearing in the United States, is scheduled to be held by the end of this month. A trial date has not been scheduled, although based on the Commission's understanding, a trial would likely not be held before March 2012.

**10. RELIEF**

The Commission seeks injunctive relief and disgorgement of ill-gotten gains, along with prejudgment interest on any disgorgement. The Commission also seeks an order requiring the payment of civil money penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. The Commission does not seek damages in this action.

Mr. McClellan believes that the Commission's requests for injunctive relief, disgorgement, and civil penalties are unfounded.

Ms. McClellan believes that the amount of monetary relief – including disgorgement and civil penalties – sought by the Commission is extraordinary and unreasonable given the fact that Ms. McClellan neither intended to nor received any of the proceeds of James Sanders' trading activity. The amount of monetary relief is not a jury question, but an issue for the Court to decide.

**11.   SETTLEMENT AND ADR**

Each party has filed its ADR Certification as required by ADR L.R. 3-5(b), and the Alternative Dispute Resolution Program has scheduled an ADR Phone Conference call for April 19, 2011.

Annabel and Arnold McClellan believe that the just outcome of this case is that it be resolved as to Ms. McClellan and dismissed as to Mr. McClellan.  Each has stated these intentions in separate face-to-face meetings with Commission staff.

In the interests of judicial efficiency and fairness, the parties jointly request that resolution be promptly addressed via an early settlement conference before a magistrate judge or a mediation conducted by a retired federal judge from this District.

**12.   CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to have a magistrate judge conduct further proceedings or trial.

**13.   OTHER REFERENCES**

The parties do not believe that the case or any issues currently before the Court are appropriate for reference to binding arbitration, a special master, or the MDL Panel.

**14.   NARROWING OF ISSUES**

The parties have not currently narrowed any of the factual or legal issues in this matter, but may be able to reach an appropriate stipulation of facts at an appropriate time.

**15.   EXPEDITED SCHEDULE**

The parties do not believe that this case is appropriate for an expedited schedule.

**16.   JOINT PROPOSED SCHEDULE**

Fact discovery cut-off:  December 16, 2011

Disclosure of expert reports:  December 16, 2011

Disclosure of rebuttal expert reports:  January 27, 2012

Expert discovery cut-off:  February 10, 2012

Deadline to file dispositive motions:  February 24, 2012

Pretrial conference:  April 18, 2012

Trial commences:  April 30, 2012

**17. TRIAL**

The Complaint filed by the Commission does not include a demand for a jury trial. As of the filing of this Joint Statement, the McClellans have not yet responded to the Complaint, but intend to request a jury trial.

The parties estimate that a trial in this matter will take approximately 15 days.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

The Commission has no disclosure of non-party interested entities, and accordingly has not filed a Certification of Interested Entities or Persons under Civil L.R. 3-16.

Neither Arnold nor Annabel McClellan is aware of any interests to report under Civil L.R. 3-16.

Respectfully submitted,

Dated: April 14, 2011

By: */s/ Robert L. Tashjian*
    ROBERT L. TASHJIAN
    LLOYD A. FARNHAM

MARC J. FAGEL (Cal. Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
    tashjianr@sec.gov
LLOYD A. FARNHAM (Cal. Bar No. 202231)
    farnhaml@sec.gov
VICTOR W. HONG (Cal. Bar No. 165938)
    hongv@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

Dated: April 14, 2011

By: __/s/ Jennifer A. Huber_____
    JENNIFER A. HUBER

ELLIOT R. PETERS - #158708
   epeters@kvn.com
CHRISTOPHER C. KEARNEY - #154101
   ckearney@kvn.com
JENNIFER A. HUBER - #250143
   jhuber@kvn.com
JOHN C. BOSTIC - #264367
   jbostic@kvn.com

Attorneys for Defendant
ARNOLD A. MCCLELLAN

KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Dated: April 14, 2011

By: _/s/ Nanci L. Clarence_____
    NANCI L. CLARENCE
    NICOLE HOWELL NEUBERT

NANCI L. CLARENCE, SBN 122286
   nclarence@clarencedyer.com
NICOLE HOWELL NEUBERT, SBN 246078
   nhneubert@clarencedyer.com

Attorneys for Defendant
ANNABEL MCCLELLAN

CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Telephone:  (415) 749-1800
Facsimile:  (415) 749-1694