DANIEL BOOKIN (S.B. #78996)
dbookin@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
ARNOLD A. MCCLELLAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>ARNOLD A. MCCLELLAN and ANNABELLE MCCLELLAN,<br><br>                    Defendants. | Case No.  10-CV-05412-WHA<br><br>**DEFENDANT ARNOLD A. MCCLELLAN'S ANSWER TO COMPLAINT**<br><br>Judge:           Hon. William H. Alsup<br>Date Filed:    November 30, 2010<br><br>**DEMAND FOR JURY TRIAL** |

1        Defendant Arnold A. McClellan ("Mr. McClellan"), for himself and for no

2   other defendant, hereby answers and otherwise responds to the Securities and

3   Exchange Commission's ("SEC") Complaint as follows.  As to any allegation not

4   specifically admitted, Mr. McClellan denies the allegation.

5        1.    In answer to Paragraph 1, Mr. McClellan admits that from 1995 until

6   2010, he was a mergers and acquisitions tax partner at Deloitte Tax LLP

7   ("Deloitte").  Except as so admitted, Mr. McClellan denies each and every

8   allegation set forth in Paragraph 1.  To the extent that the allegations in Paragraph 1

9   are directed to individuals other than Mr. McClellan, Mr. McClellan denies each

10  and every allegation in Paragraph 1 on the ground that he is without knowledge or

11  information sufficient to form a belief as to the truth thereof.

12       2.    In answer to Paragraph 2, Mr. McClellan denies each and every

13  allegation in Paragraph 2 on the ground that he is without knowledge or

14  information sufficient to form a belief as to the truth thereof.

15       3.    In answer to Paragraph 3, Mr. McClellan denies each and every

16  allegation in Paragraph 3 on the ground that he is without knowledge or

17  information sufficient to form a belief as to the truth thereof.

18       4.    In answer to Paragraph 4, Mr. McClellan admits that he signed a

19  confidentiality agreement in connection with a client's effort to acquire Kronos,

20  Inc., which purported to be a software company with headquarters in

21  Massachusetts, and admits that on March 23, 2007, Kronos announced that it had

22  signed a definitive agreement to be acquired.  Except as so admitted, Mr. McClellan

23  denies each and every allegation in Paragraph 4 on the ground that he is without

24  knowledge or information sufficient to form a belief as to the truth thereof.

25       5.    In answer to Paragraph 5, Mr. McClellan admits that in May 2007 he

26  performed work in connection with a client's planned acquisition of aQuantive,

27  Inc., which purported to be a digital advertising and marketing company with

28  headquarters in Seattle, Washington, and admits that Microsoft Corporation's

acquisition of aQuantive was announced on May 18, 2007.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 5 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

6.     In answer to Paragraph 6, Mr. McClellan admits that in December 2007 he performed work in connection with a client's planned acquisition of Getty Images, Inc., and admits that Getty Images announced on February 25, 2008, that it would be acquired by affiliates of Hellman & Friedman LLC.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 6 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

7.     In answer to Paragraph 7, Mr. McClellan denies each and every allegation in Paragraph 7 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

8.     In answer to Paragraph 8, Mr. McClellan denies each and every allegation in Paragraph 8.

9.     In answer to Paragraph 9, Mr. McClellan denies each and every allegation in Paragraph 9.

10.     In answer to Paragraph 10, Mr. McClellan denies each and every allegation in Paragraph 10.  To the extent that the allegations in Paragraph 10 are directed to individuals other than Mr. McClellan, Mr. McClellan denies each and every allegation in Paragraph 10 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

11.     In answer to Paragraph 11, Mr. McClellan denies each and every allegation in Paragraph 11.

12.     In answer to Paragraph 12, Mr. McClellan denies each and every allegation in Paragraph 12.

13.     In answer to Paragraph 13, Mr. McClellan admits that he was born in

1959 and is a resident of San Francisco, California. Mr. McClellan admits that from 1995 until 2010, he was a mergers and acquisitions tax partner at Deloitte. Mr. McClellan admits that he worked in Deloitte's offices located in San Francisco and for a period of time served as the head of one of Deloitte's regional mergers and acquisitions teams. Mr. McClellan admits that he is a Certified Public Accountant licensed in California and Georgia. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 13.

14. In answer to Paragraph 14, Mr. McClellan admits that Annabel McClellan was born in 1972 and is a resident of San Francisco, California, admits that he and Annabel McClellan have been married since 1996, and admits, based on information and belief, that Annabel McClellan worked during various periods of time at Deloitte's offices located in London, San Jose, and San Francisco. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 14 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

15. In answer to Paragraph 15, Mr. McClellan admits, based on information and belief, that James Sanders is married to Miranda Sanders. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 15 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

16. In answer to Paragraph 16, Mr. McClellan admits, based on information and belief, that Miranda Sanders is the sister of Annabel Sanders and the wife of James Sanders. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 16 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

17. In answer to Paragraph 17, Mr. McClellan denies each and every allegation in Paragraph 17 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

1      18.    In answer to Paragraph 18, Mr. McClellan denies each and every

2  allegation in Paragraph 18 on the ground that he is without knowledge or

3  information sufficient to form a belief as to the truth thereof.

4      19.    In answer to Paragraph 19, Mr. McClellan admits that, prior to its

5  merger with McKesson Corporation, Per Se Technologies, Inc. purported to be a

6  healthcare technology company and a Delaware Corporation with headquarters in

7  Alpharetta, Georgia, and that shares of its common stock were publicly traded on

8  NASDAQ.  Except as so admitted, Mr. McClellan denies each and every allegation

9  in Paragraph 19 on the ground that he is without knowledge or information

10  sufficient to form a belief as to the truth thereof.

11      20.    In answer to Paragraph 20, Mr. McClellan admits that, prior to its

12  acquisition by affiliates of Hellman & Friedman LLC, Kronos, Inc. purported to

13  provide data collection systems, labor management analysis and payroll software,

14  and to be a Massachusetts corporation with headquarters in Chelmsford,

15  Massachusetts and that shares of its common stock were publicly traded on

16  NASDAQ.  Except as so admitted, Mr. McClellan denies each and every allegation

17  in Paragraph 20 on the ground that he is without knowledge or information

18  sufficient to form a belief as to the truth thereof.

19      21.    In answer to Paragraph 21, Mr. McClellan admits that, prior to its

20  acquisition by Microsoft Corporation, aQuantive, Inc. purported to be a digital

21  advertising and marketing company and a Washington corporation with

22  headquarters in Seattle, Washington, and that shares of its common stock were

23  publicly traded on NASDAQ.  Except as so admitted, Mr. McClellan denies each

24  and every allegation in Paragraph 21 on the ground that he is without knowledge or

25  information sufficient to form a belief as to the truth thereof.

26      22.    In answer to Paragraph 22, Mr. McClellan denies each and every

27  allegation in Paragraph 22 on the ground that he is without knowledge or

28  information sufficient to form a belief as to the truth thereof.

23.     In answer to Paragraph 23, Mr. McClellan denies each and every allegation in Paragraph 23 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

24.     In answer to Paragraph 24, Mr. McClellan admits that, prior to its acquisition by Hellman & Friedman LLC, Getty Images, Inc. purported to purchase and license photographs and other visual content and to be a Delaware corporation with headquarters in Seattle, Washington, and that shares of Getty Image's common stock were publicly traded on the New York Stock Exchange. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 24 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

25.     In answer to Paragraph 25, Mr. McClellan admits that he was a mergers and acquisitions tax partner at Deloitte from 1995 through June 2010. Mr. McClellan admits that for a period of time he led a regional mergers and acquisitions team. Mr. McClellan admits that he provided clients with certain advice, including tax structuring, due diligence, and accounting advice related to mergers and acquisitions. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 25.

26.     In answer to Paragraph 26, Mr. McClellan admits that he was aware of certain potential transactions regarding Deloitte's clients through his position at Deloitte. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 26 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

27.     In answer to Paragraph 27, Mr. McClellan admits that Deloitte had certain policies concerning confidential information and trading in certain securities. To the extent that the allegations in Paragraph 27 refer to the contents of those Deloitte policies, those documents speak for themselves and therefore no response from Mr. McClellan is required. Except as so admitted and to the extent

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

1    that a response is deemed necessary, Mr. McClellan denies each and every

2    allegation in Paragraph 27 on the ground that he is without knowledge or

3    information sufficient to form a belief as to the truth thereof.

4         28.    In answer to Paragraph 28, Mr. McClellan admits that Deloitte had

5    certain policies concerning confidential information and trading in certain

6    securities.  To the extent that the allegations in Paragraph 28 refer to the contents of

7    those Deloitte policies, those documents speak for themselves and therefore no

8    response from Mr. McClellan is required.  Except as so admitted and to the extent

9    that a response is deemed necessary, Mr. McClellan denies each and every

10   allegation in Paragraph 28 on the ground that he is without knowledge or

11   information sufficient to form a belief as to the truth thereof.

12        29.    In answer to Paragraph 29, Mr. McClellan admits that Deloitte had

13   certain policies concerning confidential information and trading in certain

14   securities, that Deloitte entered into certain confidentiality agreements and that, in

15   some instances, Mr. McClellan signed those confidentiality agreements.  To the

16   extent that the allegations in Paragraph 29 refer to the contents of those Deloitte

17   policies or those confidentiality agreements, those documents speak for themselves

18   and therefore no response from Mr. McClellan is required.  Except as so admitted

19   and to the extent that a response is deemed necessary, Mr. McClellan denies each

20   and every allegation in Paragraph 29 on the ground that he is without knowledge or

21   information sufficient to form a belief as to the truth thereof.

22        30.    In answer to Paragraph 30, Mr. McClellan denies each and every

23   allegation in Paragraph 30.

24        31.    In answer to Paragraph 31, Mr. McClellan denies each and every

25   allegation in Paragraph 31 relating to Mr. McClellan.  Except as so denied, Mr.

26   McClellan denies each and every allegation in Paragraph 31 on the ground that he

27   is without knowledge or information sufficient to form a belief as to the truth

28   thereof.

32.     In answer to Paragraph 32, Mr. McClellan denies each and every allegation in Paragraph 32 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

33.     In answer to Paragraph 33, Mr. McClellan denies each and every allegation in Paragraph 33 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

34.     In answer to Paragraph 34, Mr. McClellan denies each and every allegation in Paragraph 34 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

35.     In answer to Paragraph 35, Mr. McClellan denies each and every allegation in Paragraph 35 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

36.     In answer to Paragraph 36, Mr. McClellan denies each and every allegation in Paragraph 36 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

37.     In answer to Paragraph 37, Mr. McClellan denies each and every allegation in Paragraph 37 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

38.     In answer to Paragraph 38, Mr. McClellan denies each and every allegation in Paragraph 38 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

39.     In answer to Paragraph 39, Mr. McClellan denies each and every allegation in Paragraph 39.

40.     In answer to Paragraph 40, Mr. McClellan denies each and every allegation in Paragraph 40 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

41.     In answer to Paragraph 41, Mr. McClellan denies each and every allegation in Paragraph 41 on the ground that he is without knowledge or

information sufficient to form a belief as to the truth thereof.

42.     In answer to Paragraph 42, Mr. McClellan denies each and every allegation in Paragraph 42 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

43.     In answer to Paragraph 43, Mr. McClellan denies each and every allegation in Paragraph 43 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

44.     In answer to Paragraph 44, Mr. McClellan denies each and every allegation in Paragraph 44 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

45.     In answer to Paragraph 45, Mr. McClellan admits that James and Miranda Sanders visited San Francisco and stayed in Mr. and Mrs. McClellan's home in October 2006.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 45 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

46.     In answer to Paragraph 46, Mr. McClellan denies each and every allegation in Paragraph 46 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

47.     In answer to Paragraph 47, Mr. McClellan denies each and every allegation in Paragraph 47.

48.     In answer to Paragraph 48, Mr. McClellan denies that he disclosed or misappropriated any confidential information as alleged in Paragraph 48.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 48 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

49.     In answer to Paragraph 49, Mr. McClellan denies each and every allegation in Paragraph 49 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

50.     In answer to Paragraph 50, Mr. McClellan denies each and every allegation in Paragraph 50 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

51.     In answer to Paragraph 51, Mr. McClellan admits that James and Miranda Sanders visited San Francisco and stayed in Mr. and Mrs. McClellan's home in October 2006.  Mr. McClellan admits that he provided advice to McKesson Corporation in connection with its possible acquisition of Per Se Technologies, Inc.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 51 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

52.     In answer to Paragraph 52, Mr. McClellan admits that in 2006 he recorded time in connection with McKesson Corporation's planned acquisition of Per Se Technologies, Inc.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 52 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

53.     In answer to Paragraph 53, Mr. McClellan denies each and every allegation in Paragraph 53 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

54.     In answer to Paragraph 54, Mr. McClellan admits that he was aware at some point in time that McKesson Corporation was seeking to acquire Per Se Technologies, Inc.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 54 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

55.     In answer to Paragraph 55, Mr. McClellan admits that during October 2006, he and members of Deloitte's tax mergers and acquisitions group met with representatives of Per Se Technologies, Inc. in Atlanta, Georgia.

56.     In answer to Paragraph 56, Mr. McClellan admits that on October 27, 2006, he received an email that stated the "deal is a go."  Except as so admitted, Mr.

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

1
2
3
McClellan denies each and every allegation in Paragraph 56 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

4
5
     57.    In answer to Paragraph 57, Mr. McClellan denies each and every allegation in Paragraph 57.

6
7
8
9
10
     58.    In answer to Paragraph 58, Mr. McClellan denies that he disclosed or misappropriated any confidential information as alleged in Paragraph 58.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 58 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

11
12
13
     59.    In answer to Paragraph 59, Mr. McClellan denies each and every allegation in Paragraph 59 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

14
15
16
     60.    In answer to Paragraph 60, Mr. McClellan denies each and every allegation in Paragraph 60 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

17
18
19
     61.    In answer to Paragraph 61, Mr. McClellan denies each and every allegation in Paragraph 61 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

20
21
22
23
24
25
26
     62.    In answer to Paragraph 62, Mr. McClellan admits that, on November 6, 2006, McKesson announced its acquisition of Per Se Technologies, Inc. at $28 per share, and that shares of Per Se Technologies stock closed at $27.55 per share, up approximately 13 percent from its prior day close of $24.45 per share.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 62 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

27
28
     63.    In answer to Paragraph 63, Mr. McClellan denies each and every allegation in Paragraph 63 on the ground that he is without knowledge or

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

1   information sufficient to form a belief as to the truth thereof.

2        64.     In answer to Paragraph 64, Mr. McClellan admits that he advised

3   Hellman & Friedman LLC with respect to due diligence and tax structuring in

4   connection with its possible acquisition of Kronos, Inc. and that he recorded time

5   on the Kronos matter in November 2006.  Mr. McClellan admits that he signed an

6   amendment to a confidentiality agreement between Hellman & Friedman LLC and

7   Kronos.  To the extent that the allegations in Paragraph 64 refer to the contents of a

8   confidentiality agreement or amendment thereto, those documents speak for

9   themselves and therefore no response from Mr. McClellan is required.  Except as so

10  admitted, and to the extent any response is required, Mr. McClellan denies each and

11  every allegation in Paragraph 64 on the ground that he is without knowledge or

12  information sufficient to form a belief as to the truth thereof.

13       65.     In answer to Paragraph 65, Mr. McClellan denies each and every

14  allegation in Paragraph 65 on the ground that he is without knowledge or

15  information sufficient to form a belief as to the truth thereof.

16       66.     In answer to Paragraph 66, Mr. McClellan admits that he was aware at

17  some point in time that Hellman & Friedman LLC was seeking to acquire Kronos,

18  Inc.  Except as so admitted, Mr. McClellan denies each and every allegation in

19  Paragraph 66 on the ground that he is without knowledge or information sufficient

20  to form a belief as to the truth thereof.

21       67.     In answer to Paragraph 67, Mr. McClellan denies each and every

22  allegation in Paragraph 67.

23       68.     In answer to Paragraph 68, Mr. McClellan denies that he disclosed or

24  misappropriated any confidential information as alleged in Paragraph 68.  Except as

25  so denied, Mr. McClellan denies each and every allegation in Paragraph 68 on the

26  ground that he is without knowledge or information sufficient to form a belief as to

27  the truth thereof.

28       69.     In answer to Paragraph 69, Mr. McClellan denies each and every

DEF. ARNOLD MCCLELLAN'S ANSWER
                                                     CASE NO. 10-CV-05412-WHA

1   allegation in Paragraph 69 on the ground that he is without knowledge or

2   information sufficient to form a belief as to the truth thereof.

3        70.    In answer to Paragraph 70, Mr. McClellan denies each and every

4   allegation in Paragraph 70 on the ground that he is without knowledge or

5   information sufficient to form a belief as to the truth thereof.

6        71.    In answer to Paragraph 71, Mr. McClellan admits that in or about

7   February 2007, he stayed overnight at the Sanders' home in London while returning

8   from a business trip to Rome.  Except as so admitted, Mr. McClellan denies each

9   and every allegation in Paragraph 71 on the ground that he is without knowledge or

10  information sufficient to form a belief as to the truth thereof.

11       72.    In answer to Paragraph 72, Mr. McClellan denies each and every

12  allegation in Paragraph 72 on the ground that he is without knowledge or

13  information sufficient to form a belief as to the truth thereof.

14       73.    In answer to Paragraph 73, Mr. McClellan denies each and every

15  allegation in Paragraph 73 on the ground that he is without knowledge or

16  information sufficient to form a belief as to the truth thereof.

17       74.    In answer to Paragraph 74, Mr. McClellan denies each and every

18  allegation in Paragraph 74 on the ground that he is without knowledge or

19  information sufficient to form a belief as to the truth thereof.

20       75.    In answer to Paragraph 75, Mr. McClellan denies each and every

21  allegation in Paragraph 75 on the ground that he is without knowledge or

22  information sufficient to form a belief as to the truth thereof.

23       76.    In answer to Paragraph 76, Mr. McClellan denies each and every

24  allegation in Paragraph 76 on the ground that he is without knowledge or

25  information sufficient to form a belief as to the truth thereof.

26       77.    In answer to Paragraph 77, Mr. McClellan denies each and every

27  allegation in Paragraph 77 on the ground that he is without knowledge or

28  information sufficient to form a belief as to the truth thereof.

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

78.     In answer to Paragraph 78, Mr. McClellan denies each and every allegation in Paragraph 78 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

79.     In answer to Paragraph 79, Mr. McClellan denies each and every allegation in Paragraph 79 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

80.     In answer to Paragraph 80, Mr. McClellan admits that on March 23, 2007, Hellman & Friedman LLC and Kronos, Inc. announced the acquisition at $55 per share, that shares of Kronos stock closed at $53.11 per share, up approximately 14 percent from its prior day close of $46.63 per share.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 80 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

81.     In answer to Paragraph 81, Mr. McClellan denies each and every allegation in Paragraph 81 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

82.     In answer to Paragraph 82, Mr. McClellan admits receiving an email dated May 14, 2007 from a representative of a Deloitte client.  To the extent that the allegations in Paragraph 82 refer to that email, the document speaks for itself and therefore no response from Mr. McClellan is required.  Except as so admitted and to the extent any response is required, Mr. McClellan denies each and every allegation in Paragraph 82 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

83.     In answer to Paragraph 83, Mr. McClellan admits that he was aware at some point in time that a Deloitte client was seeking to acquire aQuantive, Inc. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 83 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

84.     In answer to Paragraph 84, Mr. McClellan denies each and every allegation in Paragraph 84 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

85.     In answer to Paragraph 85, Mr. McClellan denies each and every allegation in Paragraph 85.

86.     In answer to Paragraph 86, Mr. McClellan denies that he disclosed or misappropriated any confidential information as alleged in Paragraph 86.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 86 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

87.     In answer to Paragraph 87, Mr. McClellan denies each and every allegation in Paragraph 87 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

88.     In answer to Paragraph 88, Mr. McClellan denies each and every allegation in Paragraph 88 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

89.     In answer to Paragraph 89, Mr. McClellan denies each and every allegation in Paragraph 89 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

90.     In answer to Paragraph 90, Mr. McClellan denies each and every allegation in Paragraph 90 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

91.     In answer to Paragraph 91, Mr. McClellan admits that on May 18, 2007, Microsoft Corporation announced the acquisition of aQuantive, Inc. at $66.50 per share, approximately 85 percent more than the prior day's closing price, and that shares of aQuantive closed at $63.79 per share, up approximately 78 percent from its prior day close of $35.87 per share.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 91 on the ground that he is without

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

knowledge or information sufficient to form a belief as to the truth thereof.

92.     In answer to Paragraph 92, Mr. McClellan denies each and every allegation in Paragraph 92 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

93.     In answer to Paragraph 93, Mr. McClellan admits that he and Annabel McClellan traveled to London in or about July and August 2007, and visited Annabel McClellan's relatives, including the Sanderses.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 93 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

94.     In answer to Paragraph 94, Mr. McClellan denies each and every allegation in Paragraph 94 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

95.     In answer to Paragraph 95, Mr. McClellan denies each and every allegation in Paragraph 95 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

96.     In answer to Paragraph 96, Mr. McClellan denies each and every allegation in Paragraph 96 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

97.     In answer to Paragraph 97, Mr. McClellan denies each and every allegation in Paragraph 97.

98.     In answer to Paragraph 98, Mr. McClellan denies that he disclosed or misappropriated any confidential information as alleged in Paragraph 98.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 98 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

99.     In answer to Paragraph 99, Mr. McClellan denies each and every allegation in Paragraph 99 on the ground that he is without knowledge or

1   information sufficient to form a belief as to the truth thereof.

2       100.   In answer to Paragraph 100, Mr. McClellan denies each and every

3   allegation in Paragraph 100 on the ground that he is without knowledge or

4   information sufficient to form a belief as to the truth thereof.

5       101.   In answer to Paragraph 101, Mr. McClellan denies each and every

6   allegation in Paragraph 101 on the ground that he is without knowledge or

7   information sufficient to form a belief as to the truth thereof.

8       102.   In answer to Paragraph 102, Mr. McClellan denies each and every

9   allegation in Paragraph 102 on the ground that he is without knowledge or

10  information sufficient to form a belief as to the truth thereof.

11      103.   In answer to Paragraph 103, Mr. McClellan admits that in or about

12  July and August 2007, he traveled to and from London.  Except as so admitted, Mr.

13  McClellan denies each and every allegation in Paragraph 103 on the ground that he

14  is without knowledge or information sufficient to form a belief as to the truth

15  thereof.

16      104.   In answer to Paragraph 104, Mr. McClellan denies that he engaged in

17  any "pattern of tipping and trading."  Except as so denied, Mr. McClellan denies

18  each and every allegation in Paragraph 104 on the ground that he is without

19  knowledge or information sufficient to form a belief as to the truth thereof.

20      105.   In answer to Paragraph 105, Mr. McClellan denies each and every

21  allegation in Paragraph 105 on the ground that he is without knowledge or

22  information sufficient to form a belief as to the truth thereof.

23      106.   In answer to Paragraph 106, Mr. McClellan denies each and every

24  allegation in Paragraph 106 on the ground that he is without knowledge or

25  information sufficient to form a belief as to the truth thereof.

26      107.   In answer to Paragraph 107, Mr. McClellan denies each and every

27  allegation in Paragraph 107 on the ground that he is without knowledge or

28  information sufficient to form a belief as to the truth thereof.

108.   In answer to Paragraph 108, Mr. McClellan denies each and every allegation in Paragraph 108 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

109.   In answer to Paragraph 109, Mr. McClellan denies each and every allegation in Paragraph 109.

110.   In answer to Paragraph 110, Mr. McClellan denies that he disclosed or misappropriated any confidential information as alleged in Paragraph 110.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 110 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

111.   In answer to Paragraph 111, Mr. McClellan denies each and every allegation in Paragraph 111 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

112.   In answer to Paragraph 112, Mr. McClellan denies each and every allegation in Paragraph 112 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

113.   In answer to Paragraph 113, Mr. McClellan denies each and every allegation in Paragraph 113 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

114.   In answer to Paragraph 114, Mr. McClellan admits that he recorded time in connection with a client's potential acquisition of Getty Images, Inc. in 2007, and during the course of his work for that client he participated on conference calls, worked on due diligence and helped prepare reports.  Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 114 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

115.   In answer to Paragraph 115, Mr. McClellan admits that he was aware at some point in time that a Deloitte client sought to acquire Getty Images, Inc.

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

1    Except as so admitted, Mr. McClellan denies each and every allegation in

2    Paragraph 115 on the ground that he is without knowledge or information sufficient

3    to form a belief as to the truth thereof.

4         116.   In answer to Paragraph 116, Mr. McClellan denies each and every

5    allegation in Paragraph 116 on the ground that he is without knowledge or

6    information sufficient to form a belief as to the truth thereof.

7         117.   In answer to Paragraph 117, Mr. McClellan denies each and every

8    allegation in Paragraph 117.

9         118.   In answer to Paragraph 118, Mr. McClellan denies that he disclosed or

10   misappropriated any confidential information as alleged in Paragraph 118.  Except

11   as so denied, Mr. McClellan denies each and every allegation in Paragraph 118 on

12   the ground that he is without knowledge or information sufficient to form a belief

13   as to the truth thereof.

14        119.   In answer to Paragraph 119, Mr. McClellan denies each and every

15   allegation in Paragraph 119 on the ground that he is without knowledge or

16   information sufficient to form a belief as to the truth thereof.

17        120.   In answer to Paragraph 120, Mr. McClellan denies each and every

18   allegation in Paragraph 120 on the ground that he is without knowledge or

19   information sufficient to form a belief as to the truth thereof.

20        121.   In answer to Paragraph 121, Mr. McClellan denies each and every

21   allegation in Paragraph 121 on the ground that he is without knowledge or

22   information sufficient to form a belief as to the truth thereof.

23        122.   In answer to Paragraph 122, Mr. McClellan denies each and every

24   allegation in Paragraph 122 on the ground that he is without knowledge or

25   information sufficient to form a belief as to the truth thereof.

26        123.   In answer to Paragraph 123, Mr. McClellan denies each and every

27   allegation in Paragraph 123 on the ground that he is without knowledge or

28   information sufficient to form a belief as to the truth thereof.

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

124. In answer to Paragraph 124, Mr. McClellan denies each and every allegation in Paragraph 124 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

125. In answer to Paragraph 125, Mr. McClellan denies each and every allegation in Paragraph 125 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

126. In answer to Paragraph 126, Mr. McClellan denies each and every allegation in Paragraph 126 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

127. In answer to Paragraph 127, Mr. McClellan admits that on February 25, 2008 Hellman & Friedman LLC announced its acquisition of Getty Images, Inc., and that on February 28, 2008 shares of Getty Images' stock closed at $31.67 per share, up approximately 30 percent from its prior day close of $24.45 per share. Except as so admitted, Mr. McClellan denies each and every allegation in Paragraph 127 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

128. In answer to Paragraph 128, Mr. McClellan incorporates by reference his responses to the allegations in paragraphs 1 through 127 as if fully set forth herein.

129. In answer to Paragraph 129, Mr. McClellan denies each and every allegation in Paragraph 129.

130. In answer to Paragraph 130, Mr. McClellan denies that he obtained material nonpublic information in breach of his duties of confidentiality and trust as alleged in Paragraph 130. Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 130 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

131. In answer to Paragraph 131, Mr. McClellan denies each and every allegation in Paragraph 131 relating to Mr. McClellan. Except as so denied, Mr.

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

McClellan denies each and every allegation in Paragraph 131 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

132.   In answer to Paragraph 132, Mr. McClellan denies each and every allegation in Paragraph 132 relating to Mr. McClellan.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 132 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

133.   In answer to Paragraph 133, Mr. McClellan denies each and every allegation in Paragraph 133 relating to Mr. McClellan.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 133 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

134.   In answer to Paragraph 134, Mr. McClellan denies each and every allegation in Paragraph 134 relating to Mr. McClellan.  Except as so denied, Mr. McClellan denies each and every allegation in Paragraph 134 on the ground that he is without knowledge or information sufficient to form a belief as to the truth thereof.

## PRAYER FOR RELIEF

Mr. McClellan denies that the SEC is entitled to any of the relief sought in subsections I-IV.

## AFFIRMATIVE DEFENSES

Mr. McClellan asserts the following affirmative defenses.  To the extent any of the defenses, in whole or in part, serve merely to negate an element of the SEC's cause of action, Mr. McClellan in no way seeks to relieve the SEC of its burden of proof or persuasion on that element.  Mr. McClellan hereby reserves the right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of additional defenses not currently known to him.  Mr.

1    McClellan further reserves all affirmative defenses available under federal law and

2    any applicable state law.

3                           **FIRST AFFIRMATIVE DEFENSE**

4         The Complaint fails to state a claim upon which relief can be granted.

5                          **SECOND AFFIRMATIVE DEFENSE**

6         The Court lacks jurisdiction over the alleged claims.

7                           **THIRD AFFIRMATIVE DEFENSE**

8         The SEC is not entitled to the relief it seeks.

9                          **FOURTH AFFIRMATIVE DEFENSE**

10        The Complaint fails to plead with particularity the required elements of

11   fraud.

12                          **FIFTH AFFIRMATIVE DEFENSE**

13        Any recovery on the SEC's Complaint, or any purported cause of action

14   alleged therein, is barred because Mr. McClellan's disputed conduct was privileged

15   and/or justified.

16                          **SIXTH AFFIRMATIVE DEFENSE**

17        Mr. McClellan is not liable for the SEC's claim because he acted at all times

18   in good faith, with reasonable care, and/or with due diligence in carrying out his

19   responsibilities and duties, and did not directly or indirectly induce any acts that

20   could constitute a cause of action.  He did not know, and in the exercise of

21   reasonable care could not have known, of any facts by which liability could be

22   alleged to exist.

23                         **SEVENTH AFFIRMATIVE DEFENSE**

24        Mr. McClellan asserts that he is not liable for any harm or violation alleged

25   in the Complaint because he acted at all time in good faith and in conformity with

26   the rules, regulations, orders, and/or interpretations of the SEC applicable at the

27   relevant time.

28

DEF. ARNOLD MCCLELLAN'S ANSWER
CASE NO. 10-CV-05412-WHA

1

**EIGHTH AFFIRMATIVE DEFENSE**

2      The SEC's claim is barred, in whole or in part, by the applicable statute of

3  limitations.

4

**NINTH AFFIRMATIVE DEFENSE**

5      The SEC's claim is barred, in whole or in part, under such equitable

6  doctrines as the evidence demonstrates and as are permissible to be asserted against

7  the SEC.

8

**TENTH AFFIRMATIVE DEFENSE**

9      Mr. McClellan is not responsible for acts or omissions allegedly committed

10  by others.

11

**<u>PRAYER</u>**

12      WHEREFORE, Defendant Arnold A. McClellan prays that judgment in his

13  favor be entered as follows:

14      1.      That the Complaint, and each and every purported claim for relief

15  contained therein, be dismissed with prejudice;

16      2.      That the SEC take nothing by reason of its Complaint and that

17  judgment be rendered in favor of Mr. McClellan;

18      3.      That Mr. McClellan be granted such other and further relief as the

19  Court deems just and proper.

20

   Dated:        April 20, 2011          DANIEL BOOKIN
21                                        SHARON M. BUNZEL
                                          O'MELVENY & MYERS LLP
22

23
                                          By:   /s/ Daniel Bookin
24                                        _____
                                                Daniel Bookin
25                                        Attorneys for Defendant
                                          Arnold A. McClellan
26

27

28

DEF. ARNOLD MCCLELLAN'S ANSWER
                      CASE NO. 10-CV-05412-WHA

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant

3   Arnold A. McClellan requests a trial by jury on all issues so triable.

4

           Dated:        April 20, 2011        DANIEL BOOKIN
5                                              SHARON M. BUNZEL
                                               O'MELVENY & MYERS LLP
6

7
                                               By:    */s/ Daniel Bookin*
8                                                     Daniel Bookin
                                               Attorneys for Defendant
9                                              Arnold A. McClellan

10

11   SF1:819430.4

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. ARNOLD MCCLELLAN'S ANSWER
                                          CASE NO. 10-CV-05412-WHA